IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

J.D. 1, J.D. 2, and J.D. 3, by and through
their parents and next friends, JEFF DIXON
and AMY DIXON                                                                                    PLAINTIFFS

v.                                                                          CAUSE NO. 1:12CV63-LG-JMR

MISSISSIPPI HIGH SCHOOL ACTIVITIES
ASSOCIATIONS, INC, ET AL.                                                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO REMAND

BEFORE THE COURT is the Plaintiffs' Motion to Remand [5]. The Defendants have responded. After due consideration of the motion and response, the record in this case and the relevant law, the Court finds it lacks subject matter jurisdiction of the parties' dispute. Accordingly, the case will be remanded to the Chancery Court of Pearl River County, Mississippi.

FACTS AND PROCEDURAL HISTORY

The Plaintiffs are the parents of three minor children who were students within the Picayune School District in Pearl River County, Mississippi. One of the three children, a member of the Picayune High School baseball team, was injured during a hazing incident in 2011. The Plaintiffs sought a new school for him, and eventually moved him and his brother to the Poplarville High School. A few weeks before the 2012 baseball season was to begin, the Poplarville High School athletic director informed Plaintiffs that the Mississippi High School Activities Association had ruled both of their sons ineligible to play baseball. Plaintiffs' appeal of the ruling was denied. As a result, the Poplarville School District required both minor

children to discontinue participation on the baseball team and that a baseball-related class be taken for academic credit.

Shortly after their unsuccessful appeal, Plaintiffs filed suit in the Chancery Court of Pearl River County, Mississippi.  Their Complaint sought injunctive relief in the form of a preliminary and permanent injunction directing the school defendants to comply with statewide policy adopted by the Mississippi Department of Education regarding victims of criminal assaults on school property.  The last defendant was served with process on February 27, 2012.  The case was removed to this Court one day later, on February 28, 2012.

In their petition for removal, the Defendants invoked the Courts federal question jurisdiction under 42 U.S.C. § 1331.  They contended Plaintiffs' allegations present a federal question because they seek to enforce a property right created by the No Child Left Behind Act of 2001 (NCLB), 20 U.S.C. § 6842 *et seq*.

The Plaintiffs moved to remand, arguing that although their Complaint refers briefly and indirectly to the NCLB, the Act is merely an optional funding scheme for the state, and does not give rise to any federal right to individuals such as themselves.  They note that their Complaint contains no request for relief based on the NCLB, or any other federal statute.  They seek relief pursuant to Mississippi law and Mississippi Department of Education policy.

THE LEGAL STANDARD

To support removal, Defendants bear the burden of establishing federal jurisdiction over the state court suit.  *Wilson v. Republic Iron & Steel Co.,* 257 U.S.

92 (1921). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). The removing party therefore must not only demonstrate the federal court's jurisdiction, but must also show that removal was proper. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). A federal question exists for purposes of removal "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot–Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007).

## DISCUSSION

The Mississippi High School Activities Association, Inc. makes three arguments in support of removal. First, it contends that this case is about whether the NCLB compels it to make Plaintiffs eligible to participate in athletics, not whether Plaintiffs should receive eligibility under the state policy. Accordingly, it presents a federal issue. Second, a review of the state policy shows it does not address athletic eligibility, therefore the Plaintiffs have necessarily made a federal claim. Third, the Plaintiffs' allegation of violation of their rights under the Mississippi constitution, when the U.S. Constitution provides for identical rights, is merely a tactic to avoid federal jurisdiction.

Federal question jurisdiction arises when a plaintiff sets forth allegations founded on a claim or right arising under the Constitution, treaties or laws of the United States. *See* 28 U.S.C. § 1331. For a claim to arise under federal law, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). It is also possible to create federal question jurisdiction "when [the complaint] states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (footnote omitted) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983)).

Every court that has considered whether NCLB evidences the unambiguous, *see Gonzaga Univ. v. Doe,* 536 U.S. 273, 286, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), intent to create a private cause of action has decided it does not. *See Alliance for Children, Inc. v. City of Detroit Pub. Schs.,* 475 F.Supp.2d 655, 658 (D.Mich.2007) (collecting cases). *See also Horne v. Flores*, 557 U.S. 433, 129 S. Ct. 2579, 2598, n.6 (2009)("As the Court of Appeals itself recognized, NCLB does not provide a private right of action.").

In addition, it is the Court's opinion that the NCLB is only tangentially related to Plaintiffs' claims. The State's creation of a policy pursuant to NCLB does

not make NCLB an essential element of Plaintiffs' claims. The Complaint challenges the extent to which the various state entities have complied with a policy enacted by the Mississippi Department of Education. The state policy, required by NCLB, provides victims of crimes on school property the right to transfer to another school. Plaintiffs allege that federal guidance on NCLB states that the receiving school and state athletic associations must treat transfer students the same as resident students. (Compl. 6, ¶ 22). They allege the policy adopted by the State of Mississippi requires the same. (*Id.* at 6, 7 (¶ 23, 28)).

There is no need to construe or interpret NCLB in order to give or deny relief to the Plaintiffs. The Plaintiffs request only that the Defendants' application of the state policy be examined, and they refer to NCLB as authority for their own interpretation of the policy. Whether the policy actually supports Plaintiffs' argument regarding the athletic eligibility of a transfer student goes to the merits of their claims and not to the Court's subject matter jurisdiction. Thus, even though the Complaint may touch on NCLB, or might require some reference to, or analysis of NCLB, the allegations in the Complaint do not raise *substantial* questions of federal law. *See Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 279-80 (5th Cir. 2010).

**Attorneys' Fees and Costs**

Plaintiffs have requested attorneys fees and costs related to removal and remand. In the absence of unusual circumstances, courts may award attorney's fees only where the removing party lacks an objectively reasonable basis for seeking

removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); § 1447(c). In making this determination, the district court does not consider the motive of the removing party. *Diaz v. Cameron Cnty., Tex.*, 300 F. App'x 280, 281 (5th Cir. 2008) (quoting *Valdes v.Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000)). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.*

Plaintiffs argue that the Defendants had no objectively reasonable basis for removing this case to federal court. The Court has found the removal to be improper, but it was not without an arguable basis. The request for fees and costs will therefore be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Remand [5] is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE CHANCERY COURT OF PEARL RIVER COUNTY, MISSISSIPPI** pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court.

**SO ORDERED AND ADJUDGED** this the 19th day of March, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE